IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL A. SELE,                          Civ. No. 06-6259-AA

        Plaintiff,                        OPINION AND ORDER

    v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

AIKEN, Judge:

    Plaintiff Michael Sele, appearing *pro se*, filed suit pursuant
to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain
judicial review of the Commissioner's final decision denying his
application for Disability Insurance Benefits under Title II of the
Act.  The Commissioner's decision is affirmed.

<u>BACKGROUND</u>

    On May 12, 2000, plaintiff applied for disability insurance
benefits.  Tr. 60-62, 645.  Plaintiff's application was denied

1    - OPINION AND ORDER

initially and on reconsideration.  Tr. 36-45.  After plaintiff timely requested a hearing, plaintiff appeared and testified before an administrative law judge (ALJ).  Tr. 568-620.  On July 15, 2004, the ALJ issued a decision concluding that plaintiff was not disabled within the meaning of the Act.  Tr. 15-21.  The Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner.  Tr. 6-8.  Plaintiff filed suit in this court and the case was remanded for further proceedings pursuant to a stipulation between the parties.  Tr. 645, 657-58.

On April 6, 2006, the ALJ conducted a second administrative hearing and heard testimony from plaintiff, two medical experts, and a vocational expert.  Tr. 841-901.  On June 22, 2006, the ALJ issued a decision finding that plaintiff was disabled from May 12, 2000 through March 19, 2004.  Tr. 646.  However, the ALJ further found that as of March 20, 2004, plaintiff experienced medical improvement sufficient to restore his ability to perform substantial gainful activity in a significant number of other jobs. Tr. 646.  Accordingly, the ALJ found plaintiff eligible for a closed period of disability, but found that plaintiff was not disabled within the meaning of the Act as of March 20, 2004.  Tr. 645-56.  The Appeals Council denied plaintiff's untimely request for review, rendering the ALJ's decision the final decision of the Commissioner.  Tr. 621-22.  Plaintiff now seeks judicial review,

2    - OPINION AND ORDER

arguing that his disability did not cease as of March 20, 2004.

Plaintiff originally alleged disability since December 12, 1995 due to pulmonary disease, asthma, depression, anxiety, and various musculoskeletal complaints.  Tr. 16, 645.  At the time of the ALJ's second decision, plaintiff was fifty years old with a high-school education, some college courses, and past relevant work as a plywood mill worker and carpet cleaner.  Tr. 655.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

3    - OPINION AND ORDER

can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

DISABILITY ANALYSIS

The Commissioner applies a five-step sequential evaluation process to determine whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

In this case, the ALJ found at step one that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 648; Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ determined that plaintiff has "medically severe impairment or combination of impairments," including depressive and somatoform disorders, obstructive pulmonary disease, asthma, history of bilateral shoulder impingement, and spinal degenerative disease.  Tr. 648; 20 C.F.R. § 404.1520(c).

The ALJ found that from the date of plaintiff's amended onset date of March 12, 2000 to March 19, 2004, plaintiff's depression and somatoform disorder met the criteria of "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Tr. 649; Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d).  However, the ALJ found that these impairments did not meet or equal the listings since March 19, 2004.  Tr. 649-50.  Additionally, the ALJ found that

4    - OPINION AND ORDER

plaintiff's physical impairments did not meet or equal the listings during any period. Tr. 649. Therefore, the inquiry proceeded to step four with respect to plaintiff's alleged disability since March 20, 2004.

At step four, the Commissioner evaluates the claimant's residual functional capacity (RFC) and determines whether the claimant can perform past relevant work. In doing so, the Commissioner must assess the sustained work-related activities the claimant can perform on a regular and continuing basis, despite the limitations imposed any impairment. 20 C.F.R. §§ 404.1520(e), 404.1545. In this case, the ALJ found that as of March 20, 2004, plaintiff's RFC limited  plaintiff from repetitive use of his shoulders and from exposure to prominent fumes, odors, dusts, gasses and extreme temperatures. Further, the ALJ found that plaintiff's mental limitations precluded work involving proximity to the public and close proximity to co-workers. Tr. 650-54. Based on this RFC assessment and the testimony of the vocational expert, the ALJ found that plaintiff was unable to perform his past relevant work. Tr. 654, 888; 20 C.F.R. § 404.1520(f).

At step five, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experience. Yuckert, 482 U.S. at 141-142; Tackett v. Apfel, 180 F.3d 1094, 1098-89 (9th Cir. 1999);

5    - OPINION AND ORDER

20 C.F.R. § 404.1560(c)(2).  The ALJ found that as of March 20, 2004, plaintiff could perform other work as a caretaker, products bench assembler, and telephone order clerk.  Tr. 655, 889-93; 20 C.F.R. § 404.1520(g).

Accordingly, based on these findings, the ALJ found that plaintiff was disabled under the Act between May 12, 2000 and March 19, 2004, but that plaintiff's condition had improved and he was not disabled under the Act as of March 20, 2004.  Tr. 656.

<u>DISCUSSION</u>

Plaintiff first contends that the ALJ erred in amending his alleged onset date from December 12, 1995 to May 12, 2000. Plaintiff maintains that, contrary to the ALJ's finding, he did not authorize his attorney to amend his onset date.  I disagree and find that the record supports the ALJ's finding that plaintiff's alleged onset date was amended to May 12, 2000.  Tr. 897, 899.

Second, plaintiff argues that the ALJ erred in finding that his disability ceased as of March 20, 2004 due to medical improvement.

If a claimant meets his burden and establishes entitlement to benefits, the Commissioner may cease benefits upon a "finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling" if such finding is supported by "substantial evidence" demonstrating medical improvement in the individual's impairment or

combination of impairments and that the claimant is now able to engage in "substantial gainful activity." 42 U.S.C. § 423(f)(1). The Commissioner has adopted a sequential evaluation process similar in purpose and function to the sequential evaluation process used in making initial disability determinations. See 20 C.F.R. § 404.1594(f)(1)-(8).

Here, the ALJ did not formally conduct the eight-step evaluation process when he determined that plaintiff experienced a medical improvement that rendered him able to perform other work. However, I agree with defendant that the ALJ addressed the elements identified in the eight-step process when he determined cessation of benefits and that the ALJ's finding of medical improvement is supported by substantial evidence.

Plaintiff argues that the ALJ failed to consider the opinions of a treating psychiatrist, Dr. Vandiver, and a therapist, Joe Reilly, when the ALJ found that plaintiff's depression and mental condition had improved. Plaintiff submitted a letter written by Joe Reilly on October 26, 2006, in which Mr. Reilly indicates that plaintiff met with him five times in 2005 and 2006, and that in April 2006, plaintiff's mental status significantly deteriorated. See attachment to Plaintiff's Memorandum in Support of Complaint. However, this evidence did not exist at the time of the ALJ's decision, and I find that this letter is not relevant to plaintiff's claim that he had a continuing disability two years

prior in March of 2004.

Further, I find that the ALJ did not err in rejecting Dr. Vandiver's August 2004 opinion that plaintiff could not maintain employment.  The ALJ rejected Dr. Vandiver's opinion because it conflicted with Dr. Vandiver's own treatment notes, the subsequent notes of other medical care providers, and a March 2004 psychological evaluation conducted by Dr. Smyth which noted only mild limitations in plaintiff's ability to respond appropriately to work pressures.  Tr. 530-539, 564-65, 653.  Instead, the ALJ relied on the testimony of a medical expert, Dr. Davis, and Dr. Vandiver's own records in finding that plaintiff's mental impairments had improved.  Dr. Davis testified that the record did not reflect significant mental limitations as of March 20, 2004, Tr. 869, 879-86, and Dr. Vandiver's medical reports note contemporaneous improvement in plaintiff's condition.  Tr. 756-65.  Accordingly, I find these reasons clear and convincing and supported by substantial evidence in the record.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

Plaintiff also argues that the ALJ failed to consider the opinion and conclusions of a treating physician, Dr. Cho.  The ALJ rejected Dr. Cho's opinion that plaintiff could not perform any work activity because of respiratory difficulties.  Tr. 524, 652. The ALJ noted that the ultimate determination of disability is an

issue for the Commissioner, and that Dr. Cho's opinion was inconsistent with her contemporaneous medical report indicating that plaintiff's breathing "appeared to be quite stable." Tr. 652, 738. Further, the ALJ noted that plaintiff continued smoking against physician recommendations, Tr. 445, 460, and that no other medical provider rendered findings or an opinion consistent with Dr. Cho's. Tr. 453-66, 652. Finally, the ALJ noted that plaintiff had not sought Dr. Cho's care since October 2003, which was also preceded by a lengthy absence in care. Tr. 652, 737. I find that the reasons given by the ALJ for discounting Dr. Cho's opinion are clear and convincing and supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; Andrews, 53 F.3d at 1043.

Next, plaintiff argues that the ALJ erred in finding his complaints not fully credible. However, the ALJ rejected plaintiff's subjective complaints because of statements and activities inconsistent with the alleged severity of his limitations, such as sanding and working with a table saw. Tr. 466, 812. Further, the ALJ took into consideration that plaintiff's somatoform disorder caused plaintiff to view his impairments as more limiting than they were. Tr. 537-38, 653-54. Accordingly, I find that the ALJ provided legally sufficient reasons to support his credibility finding. See Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986).

In sum, I do not find the ALJ's finding of medical improvement erroneous in light of the medical evidence of record.  See Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004) ("When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion.").

Finally, plaintiff argues that the ALJ misinterpreted the vocational expert's testimony, and that the Commissioner failed to meet his burden that plaintiff was able to perform other work. However, the limitations plaintiff's counsel proffered to the vocational expert were rejected by the ALJ, and for the reasons explained above, the ALJ did not commit legal error in doing so. Further, the ALJ's hypothetical to the vocational expert included the limitation of avoiding exposure to irritants, as recommended by Dr. Cho.  Tr. 738, 889.

                              CONCLUSION

The ALJ's findings and conclusion that as of March 20, 2004, plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this   19   day of November, 2007.


                   /s/ Ann Aiken
                    Ann Aiken
            United States District Judge


10   - OPINION AND ORDER

11    - OPINION AND ORDER